■ CURTIS KATZ, Appellant, v NAPOLEON B. WILLIAMS, JR., Respondent.—Order, Supreme Court, New York County, entered April 4, 1979, which, inter alia, granted defendant's cross motion for summary judgment, insofar

as appealed from, unanimously reversed, on the law, and defendant's motion for summary judgment denied, without costs or disbursements. ILTIT Associates, a partnership, was the owner of a building located on Central Park West and sponsored a plan to convert the building to co-operative ownership. Napoleon B. Williams, Jr., was a tenant in the building and subscribed to purchase shares in the co-operative corporation to be formed. The terms of the subscription agreement provided that the balance of the cash payment for the shares was to be paid within 15 days after written notice of the plan being approved by the New York State Attorney-General and demand for the payment. The notice was to contain a specified date for closing, set no later than 60 days after the date of the notice. The agreement further provided that in the event a prospective purchaser defaulted in his obligations and failed to cure the default within 30 days after receiving written notice of the nature of the default, then the apartment corporation was authorized at its option to cancel the agreement and retain all payments made as liquidated damages. The subscription agreement also contained a clause that, after the 30-day notice is sent, payment of the balance due is of the essence of the agreement. On October 1, 1976, Williams was notified that title to the premises was being transferred to the co-operative corporation on November 1, 1976, and that he was to produce the balance owing on November 15, 1976. On November 18, 1976, a notice of default was sent to Williams, and a subsequent letter sent by plaintiff dated November 23, 1976 requested that a closing date be set. Williams responded by letter dated December 3, 1976, suggesting setting the date for closing as January 11, 1977, and requesting that certain repairs be made prior to closing. No closing took place. In August, 1978, approximately one and one-half years after the purported closing date, this action was brought to obtain exclusive possession of the apartment, and Williams counterclaimed for money damages and a declaration of the rights of the parties. Both parties moved for summary judgment, and Special Term granted defendant's cross motion for summary judgment. We would reverse. There are issues of fact outstanding precluding the granting of summary judgment to either party, which include, *inter alia,* the question of whether a proper notice of default was sent to Williams, whether a waiver of the default notice and a claim of payment being of the essence occurred when the parties consented to the adjourned closing date, and whether the repairs were made or, if not, whether that was a prerequisite to payment. Concur—Kupferman, J. P., Sandler, Lane, Markewich and Lupiano, JJ.